UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DUNKIN' DONUTS FRANCHISED
RESTAURANTS LLC,
a Delaware limited liability company;
DD IP HOLDER LLC,
a Delaware limited liability company; and
BASKIN-ROBBINS FRANCHISED SHOPS LLC,
a Delaware limited liability company,

        Plaintiffs,

v.

COLONIAL DONUTS, INC., a Florida corporation;
KEVIN SMALL, an individual; and
YVONNE SMALL, an individual;

        Defendants.
_____/

CASE NO: 6:07-CV-573-ORL-GKS-KRS

## CONSENT JUDGMENT FOR
## FINAL INJUNCTIVE RELIEF

THIS CAUSE having come before the Court on the Stipulation for Entry of A Consent Judgment for Final Injunctive Relief, and the Court having reviewed the documents on file and being otherwise fully advised in the premises, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.    This Court makes the following findings of fact for the purposes of this Consent Judgment for Final Injunctive Relief.

2.    Plaintiff Dunkin' Donuts Franchised Restaurants LLC, successor-in-interest to Dunkin' Donuts Incorporated, entered into a Franchise Agreement with Colonial Donuts, Inc. dated August 5, 1999 relative to the operation of a Dunkin' Donuts Shop located at 91 West Mitchell Hammock Road, Oviedo, Florida 32765 (the "Oviedo Shop").

3.    Plaintiffs Dunkin' Donuts Franchised Restaurants LLC and Baskin-Robbins Franchised Shops LLC, successor-in-interest to Baskin-Robbins USA Co., entered into a

427313.02

franchise agreement with Colonial Donuts, Inc. dated August 5, 1999, for a retail doughnut and ice cream shop located at 12075 Collegiate Way, Orlando, Florida 32817 (the "Collegiate Way Shop").

4. As set forth in the Franchise Agreements for the Oviedo and Collegiate Way Shops, Colonial Donuts, Inc. obtained a license to use the Plaintiffs' proprietary marks during the term of the Franchise Agreements, as set forth and specifically described in those agreements.

5. The Plaintiffs' marks are valid and uncontestable.

6. Pursuant to the terms of the Franchise Agreements for the Oviedo and Collegiate Way Shops, the Defendants agreed that for a period of two (2) years after the termination or expiration of the Franchise Agreements, neither Colonial Donuts, Inc. nor any partner, officer, director, shareholder or member of Colonial would own, maintain, engage in, be employed by, or have any interest in any other business which sells or offers to sell the same or substantially similar products to the type offered for sale at legitimate Dunkin' Donuts franchised shops, within an area that is within five (5) miles from their former Dunkin' Donuts Shop or any other unit operating under the Plaintiffs' Proprietary Marks.

7. Pursuant to the terms of the Franchise Agreements for the Oviedo and Collegiate Way Shops, the Defendants also agreed not to communicate or divulge, or use for the benefit of any person, persons, partnership, association or corporation, any information or knowledge concerning the methods of constructing, equipping or operating units under any of the Plaintiffs' franchise systems and all other information or knowledge which Plaintiffs deem confidential.

8. On January 30, 2007, the Franchise Agreements for the Oviedo and Collegiate Way Shops were terminated when signed Termination of Franchise Agreement and Release forms were released from escrow.

9. Notwithstanding the termination of the Franchise Agreements, the Defendants continue to own, maintain and operate a coffee and doughnut shop located at 91 West Mitchell Hammock Road, Oviedo, Florida 32765, under the name "Colonial Donuts."

10. After the Franchise Agreements for the Oviedo and Collegiate Way Shops were terminated on January 30, 2007, the Defendants were no longer authorized or licensed to use or display the Plaintiffs' proprietary marks, trade secrets, confidential information, operating manuals, slogans, trade dress, signs, symbols or devices.

11. Pursuant to Sections 8 and 9 of the Franchise Agreements, the Defendants have certain obligations upon termination of those agreements including, among other things: (a) refrain from operating a competitive business during the time period described in, and within the area covered by, the non-compete agreement contained in section 8 of the Franchise Agreements; (b) de-identifying their respective shops; (c) cease from using the Plaintiffs' trademarks, trade names and trade dress; and (d) returning all operating manuals, plans, specifications, and other materials relative to the operation of a Dunkin' Donuts or Baskin-Robbins Unit.

IT IS ORDERED, ADJUDGED and DECREED as follows:

1. Beginning on Monday, April 23, 2007, Defendants COLONIAL DONUTS, INC., KEVIN SMALL and YVONNE SMALL shall comply with the following post-termination provisions of the Franchise Agreements:

> (a) For a period of two (2) years after January 30, 2007, when the Franchise Agreement for the Oviedo Shop was terminated, Defendant COLONIAL DONUTS, INC. and all of its partners, officers, directors, shareholders or members including, but not limited to, Defendants KEVIN SMALL and YVONNE SMALL, shall immediately cease to operate a business, from the location of its former Dunkin' Donuts Shop located at 91 West Mitchell Hammock Road, Oviedo, Florida 32765, that sells or offers for sale the same or substantially similar products to the types sold at Dunkin' Donuts shops;
>
> (b) For a period of two (2) years after January 30, 2007, when the Franchise Agreement for the Oviedo Shop was terminated, and within a five (5) mile radius

extending from 91 West Mitchell Hammock Road, Oviedo, Florida or any other unit operating under the Plaintiffs' proprietary marks, Defendant COLONIAL DONUTS, INC. and all of its partners, officers, directors, shareholders or members including, but not limited to, Defendants KEVIN SMALL and YVONNE SMALL, shall not own, maintain, engage in be employed by or have any interest in any business which sells or offers to sell the same or substantially similar products to the types sold at Dunkin' Donuts shops;

(c) For a period of two (2) years after January 30, 2007, when the Franchise Agreement for the Collegiate Way Shop was terminated, and within a five (5) mile radius extending from 12075 Collegiate Way, Orlando, Florida 32817 or any other unit operating under the Plaintiffs' proprietary marks, Defendant COLONIAL DONUTS, INC. and all of its partners, officers, directors, shareholders or members including, but not limited to, Defendants KEVIN SMALL and YVONNE SMALL, shall not own, maintain, engage in be employed by or have any interest in any business which sells or offers to sell the same or substantially similar products to the types sold at Dunkin' Donuts and Baskin-Robbins shops;

(d) Defendant COLONIAL DONUTS, INC. and all of its partners, officers, directors, shareholders or members including, but not limited to, Defendants KEVIN SMALL and YVONNE SMALL, shall immediately cease communicating, divulging or using any information or knowledge that they became apprised of by virtue of their operation of Dunkin' Donuts and Baskin-Robbins shops, concerning the methods of constructing, equipping or operating units under the Dunkin' Donuts or Baskin-Robbins Systems;

(e) Defendant COLONIAL DONUTS, INC. and all of its partners, officers, directors, shareholders or members including, but not limited to, Defendants KEVIN SMALL and YVONNE SMALL, shall immediately cease to use, in connection any business located at 91 West Mitchell Hammock Road, Oviedo, Florida 32765, or the promotion thereof, any reproduction, counterfeit, copy or colorable imitation of any of Plaintiffs' propriety marks or trade dress;

(f) Defendant COLONIAL DONUTS, INC. shall immediately and permanently cease to use, by advertising or in any other manner whatsoever, any feature or method associated with the Dunkin' Donuts or Baskin-Robbins System(s), any or all of the proprietary marks and any other trade secrets, confidential information, operating manuals, slogans, trade dress, signs, symbols or devices which are part of Plaintiffs' System(s) or are otherwise used in connection with the Oviedo and Collegiate Way Shops;

(g) Defendant COLONIAL DONUTS, INC. shall immediately return to Plaintiffs all operating manuals, plans, specifications, and other materials in its possession containing information prepared by Plaintiffs and relative to the operation of a Dunkin' Donuts or Baskin-Robbins Unit;

(h) Defendant COLONIAL DONUTS, INC. shall immediately disconnect, withdraw and/or terminate any telephone listings and/or fictitious name registration containing any part of the Plaintiffs' proprietary marks; and

(i) Defendant COLONIAL DONUTS, INC. shall immediately remove from the Oviedo and Collegiate Way Shops and from any equipment, signs, trade fixtures, furnishings and other personal property and return to Plaintiffs, all of the Proprietary Marks or other indicia of Plaintiffs.

3. The Court retains jurisdiction to enter such other and further orders as may be appropriate under the circumstances to enforce this permanent injunction.

4. The Plaintiffs' claims for injunctive relief are severed from the rest of the Plaintiff's Complaint so that this Consent Judgment for Final Injunctive Relief may be entered. Notwithstanding the entry of this Consent Judgment for Final Injunctive Relief, the parties may litigate any remaining claims seeking relief other injunctive relief.

DONE AND ORDERED in Orlando, Florida on this 23 day of April, 2007.

G. Kendall Sharp, Senior U.S. District Judge

Conformed copies furnished to:

Brian T. McElfatrick, Esq.
Scott R. Hoopes, Esq.
Robert J. Stovash, Esq.
Rachel E. Adams, Esq.

-5-

427313.02