UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DUNKIN' DONUTS FRANCHISED
RESTAURANTS LLC,
DD IP HOLDER LLC,
BASKIN-ROBBINS FRANCHISED SHOPS
LLC,
                Plaintiffs,

-vs-                                            Case No. 6:07-cv-573-Orl-18KRS

COLONIAL DONUTS, INC.,
KEVIN SMALL,
YVONNE SMALL,
                Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs/Counterclaim Defendants Dunkin' Donuts Franchised Restaurants LLC, DD IP Holder LLC, and Baskin-Robbins Franchised Shops LLC's ("Dunkin' Donuts") Motion to Dismiss Counterclaim (Doc. 32, filed May 14, 2007), to which Defendants/Counterclaim Plaintiffs Colonial Donuts, Inc., Kevin Small, and Yvonne Small ("Colonial Donuts") responded in opposition. (Doc. 36, filed May 29, 2007.) After consideration, the Court grants Dunkin' Donuts's Motion to Dismiss Counterclaim.

### I. BACKGROUND

Dunkin' Donuts and Colonial Donuts entered into a Settlement Agreement in March 2006 and into a First Amendment to Settlement Agreement (the "Amended Settlement Agreement") in May 2006. Pursuant to the Amended Settlement Agreement, Colonial Donuts was afforded a specified amount of time to sell two franchise agreements that had been

terminated by Dunkin' Donuts. Specifically, the Amended Settlement Agreement provided that Colonial Donuts had 120 days to submit an Asset Purchase Agreement in which a potential purchaser agreed to redevelop a shop in Oviedo, Florida (the "Oviedo Shop") in accordance with Dunkin' Donuts's redevelopment criteria. Dunkin' Donuts agreed to approve a closing on the sale of the Oviedo Shop "if: (1) the Asset Purchase Agreement meets [Dunkin' Donuts's] redevelopment criteria for [the Oviedo Shop] and (2) the Asset Purchase Agreement is approved following completion of [Dunkin' Donuts's] standard review process." (Doc. 27-2 at 25.) Similarly, Colonial Donuts had six months to submit an Asset Purchase Agreement for the sale of a shop on Collegiate Way in Orlando, Florida (the "Collegiate Way Shop"). The Amended Settlement Agreement provides that a closing on the sale of the Collegiate Way Shop would be approved "if the Asset Purchase Agreement is approved following completion of [Dunkin' Donuts's] standard review process." (Id. at 32.) Colonial Donuts alleges that it timely submitted Asset Purchase Agreements to Dunkin' Donuts for approval, but that the potential buyers backed out of the sale before closing.

Dunkin' Donuts subsequently initiated this action against Colonial Donuts asserting twelve counts, including claims for breach of the franchise agreements, trademark infringement, unfair competition, trademark dilution, and trade dress infringement. (Doc. 1, filed on April 2, 2007.) Colonial Donuts filed an Answer, Affirmative Defenses, Counterclaim and Request for a Trial by Jury. (Doc. 27, filed on April 23, 2007.) Dunkin' Donuts seeks to dismiss Counts I and IV of the Counterclaim, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. (Doc. 32 at 1-2, 5-7.)

Count I of the Counterclaim is a breach of contract claim alleging, in relevant part:

> 13. [Dunkin' Donuts] and [Colonial Donuts] entered into an Amended Settlement Agreement wherein [Colonial Donuts was] given the opportunity to sell certain store businesses so as to realize a profit therefrom.
> 14. By entering into the Amended Settlement Agreement, [Dunkin' Donuts] represented that [Colonial Donuts] had the authority to enter into purchase contracts with prospective buyers and, as long as the buyers qualified, [Dunkin' Donuts] would allow the sale to occur.
> 15. Despite contractually agreeing to allow [Colonial Donuts] to secure buyers and realize the profits from the sale of the businesses, [Dunkin' Donuts] breached the Amended Settlement Agreement by taking affirmative actions to derail the sale of the businesses and to prevent [Colonial Donuts] from closing on the sale of the businesses with an approved, qualified buyer.

(Doc. 27 at 19.) Count IV of the Counterclaim alleges, in relevant part, that Dunkin' Donuts's "actions in intervening and maliciously interfering with [Colonial Donuts's] contractual relationship with the approved buyers was in bad faith" and that Colonial Donuts has "been harmed and damaged as a result of [Dunkin' Donuts's] willful violation of [Dunkin' Donuts'] implied duty of good faith and fair dealing." (Id. at 22.)

## II. DISCUSSION

### A. Motion to Dismiss Standard

In reviewing a motion to dismiss, a court must accept the allegations as true and "must construe the facts alleged in the light most favorable to the plaintiff." Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). All that is required under the Federal Rules of Civil Procedure is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Mere indication that the plaintiff has a grievance is not enough; instead, "sufficient

-3-

detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (citations omitted). The court does not generally accept conclusory allegations as true. S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (citing Assoc. Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)). It is well-settled that in making these determinations, a court may consider not only the pleadings, but also any exhibits attached thereto. GSW Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).

### B. *Count I: Breach of Contract*

While Colonial Donuts argues that the allegations in Count I are sufficient to place Dunkin' Donuts on notice of its claim, the Court disagrees. Count I fails to specify which contractual provisions were allegedly breached. Indeed, the Court has reviewed the Amended Settlement Agreement, which states that before any sale could occur, the Asset Purchase Agreement for the Oviedo Shop had to meet the redevelopment criteria and had to be approved under Dunkin' Donuts's standard review process. (Doc. 27-2 at 25.) The Asset Purchase Agreement for the Collegiate Way shop also had to be approved under the standard review process. (Id. at 11.) While Colonial Donuts alleges that it submitted two Asset Purchase Agreements, it has neither alleged that the Asset Purchase Agreement for the Oviedo Shop met the redevelopment criteria nor that either one of the Asset Purchase Agreements were approved under Dunkin' Donuts's standard review process. Accepting Colonial Donuts's allegations as true, the Court finds that without alleging that Dunkin' Donuts violated a specific provision of

the Amended Settlement Agreement, Colonial Donuts has failed to state a claim for breach of contract.

Accordingly, Count I of the Counterclaim is dismissed without prejudice.

*C. Count IV: Violation of the Implied Duty of Good Faith and Fair Dealing*

Dunkin' Donuts argues that because Colonial Donuts "failed to allege that Dunkin' [Donuts] violated an express term of the [Amended] Settlement Agreement. . . . it has not stated a claim for breach of the implied covenant of good faith and fair dealing." (Doc. 32 at 7.) Colonial Donuts agrees "that a claim for breach of the implied covenant of good faith and fair dealing must be raised in connection with a breach of an express term of the agreement." (Doc. 36 at 6.) However, Colonial Donuts asserts that it has properly pled its claim because Count IV is based on a breach of the Amended Settlement Agreement. (Id. at 6.)

While "the implied covenant of good faith and fair dealing is a part of every contract under Florida law," it does not "serv[e] as an independent term within a contract." Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1291 (11th Cir. 2001). Rather, "the implied covenant attaches . . . to the performance of a specific contractual obligation." Id. (internal quotation marks omitted). Since Count I of the Counterclaim fails to allege a specific contractual obligation, Colonial Donuts has failed to allege that the implied duty of good faith and fair dealing has attached to any specific contractual obligation.

Accordingly, Count IV is dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Dunkin' Donuts's Motion to Dismiss the Counterclaim. Counts I and IV of Colonial Donuts's Counterclaim are **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Orlando, Florida on this 26 day of June, 2007.

```
_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE
```

Copies furnished to:

Counsel of Record

Unrepresented Parties